UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS HYMAN, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>NORTH AMERICAN VAN LINES, INC., )<br>)<br>*Defendant.* )<br>) | CIVIL ACTION<br>NO.  04-30151-MAP |

## **ANSWER**

The defendant, North American Van Lines, Inc., for its answer to the Complaint of the plaintiff, Thomas Hyman, states as follows in response to each corresponding paragraph therein.

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff to prove the same.

2. Admitted.

3. Admitted.

4. Denied; except Defendant admits that on or about June 29, 2002 it entered into a bill of lading contract with Plaintiff to transport Plaintiff's household goods shipment from Alameda, California to Stockbridge, Massachusetts.

5. Admitted.

6. Denied; except Defendant admits that Plaintiff's household goods shipment was in Defendant's care, custody and control between July 1, 2002 and July 31, 2002.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff to prove the same.

8. Denied; except Defendant admits that Plaintiff submitted correspondence to Defendant dated November 6, 2002, April 17, 2003 and April 21, 2003 and correspondence from Plaintiff's counsel dated August 16, 2003.

9. Denied.

10. In response to the allegations contained in paragraph 10 of the Complaint, Defendant repeats each of its responses to paragraphs 1 through 9 as though separately set forth herein.

11. Denied; except Defendant admits that Defendant and Plaintiff entered into a valid written bill of lading contract.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted under the ICC Termination Act of 1995, 49 U.S.C. §14706, and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Whatever shipment was received for transportation by defendant North American was accepted in accordance with and subject to all the terms and conditions of the interstate household goods bill of lading and North American's effective classifications and tariffs, the rules set forth

therein, and the rules and regulations of the Federal Motor Carrier Safety Administration, which together form the contract of carriage between the parties for the transportation of Plaintiff's shipment and define the responsibility of North American pursuant to 49 U.S.C. §14706. North American has duly performed all of the terms and conditions thereunder which it was required to perform.

### THIRD AFFIRMATIVE DEFENSE

North American's liability to Plaintiff, if any, is limited to the declared or released rate valuation in accordance with the household goods bill of lading and North American's tariffs governing the subject shipment.

### FOURTH AFFIRMATIVE DEFENSE

The bill of lading contract provided, *inter alia,* that the carrier, North American, shall not be liable for loss or damage caused by or resulting (a) from an act, omission or order of shipper or (b) from a defect or inherent vice of the article. North American is not liable for any loss, damage or delay to the shipment that was due to such causes.

### FIFTH AFFIRMATIVE DEFENSE

In the event that Plaintiff did not have or does not have any title or interest in the shipment that is the subject of the Complaint, then he is not the real party in interest, has no standing herein and is not entitled to any recovery.

### SIXTH AFFIRMATIVE DEFENSE

If the shipment referred to in the Complaint suffered any loss, damage or delay, such loss, damage or delay was caused by the acts or omissions of a third party or parties over whom Defendant had no control, and defendant North American therefore is not liable.

**SEVENTH AFFIRMATIVE DEFENSE**

The bill of lading, tariffs and classifications, which constitute the contract of carriage, do not contemplate carrier responsibility for special damages. To the extent any of the damages sought by Plaintiff in his Complaint are special damages, Defendant is not liable.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against defendant North American upon which relief can be granted, because under the ICC Termination Act of 1995 there is no cause of action for common law breach of contract arising out of or related to an interstate motor carrier's transportation of freight in interstate commerce, and the Complaint must therefore be dismissed pursuant to Rule Fed. R. Civ. P. 12(b)(6).

**NINTH AFFIRMATIVE DEFENSE**

The ICC Termination Act of 1995 preempts Plaintiff's claim.

**TENTH AFFIRMATIVE DEFENSE**

The Bill of Lading Contract required that as a condition precedent to recovery, claims must be filed in writing with the carrier (Defendant) within nine (9) months after delivery of the property or, in the case of failure to make delivery, then within nine (9) months after a reasonable time for delivery elapsed, and that suit must be instituted against the carrier within two (2) years and one day from the date when the claim is denied. In the event Plaintiff's claim or any portion thereof was insufficient or defective or was not timely filed with North American, or if Plaintiff's suit on the shipment that is the subject of his Complaint herein was not filed within the times prescribed by such limits, then Plaintiff is barred from any recovery in this action.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff may not recover attorney's fees against North American as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Defendant ever owed Plaintiff anything, the same has been paid in full and Defendant now owes Plaintiff nothing.

**WHEREFORE**, defendant North American Van Lines, Inc. demands judgment dismissing the Complaint of plaintiff Thomas Hyman, and awarding Defendant costs and disbursements in this action.

                                      NORTH AMERICAN VAN LINES, INC.
                                      By its attorneys,

August 23, 2004                         /s/ Wesley S. Chused
                                      Wesley S. Chused, BBO #083520
                                      Patrick O. McAleer, BBO #642627
                                      LOONEY & GROSSMAN LLP
                                      101 Arch Street
                                      Boston, MA  02110
                                      (617) 951-2800

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2004, I served a copy of the foregoing **ANSWER** upon all parties hereto electronically, via facsimile or by mailing copies thereof, via first-class mail, postage prepaid, properly addressed to:

>Nicholas L. Parsenios, Esq.
>49 Main Street
>P.O. Box 734
>Lee, MA 01238

>/s/ Wesley_S._Chused_____
>Wesley S. Chused